FILED
2015 Nov-23  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM, AND PEMCO AIRCRAFT ENGINEERING SERVICES, INC.** )<br><br>)<br>)<br>)<br>)<br>)<br>)<br><br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. AND BOEING AEROSPACE SUPPORT CENTER,** )<br>)<br>)<br>)<br>)<br>)<br>)<br><br>**Defendant.**  ) | **CIVIL ACTION NUMBER: 2:11-cv-03577-RDP** |

## <u>REPORT AND RECOMMENDATION</u>

Before the Special Master is AAI's "Motion to Strike Defendants' Improper Examination of Kyle Smith" ("the Motion" or "AAI's Motion"), which was filed with the Special Master on October 6, 2015. The Motion has since been fully briefed, with Boeing submitting a Response on October 20, 2015 ("Boeing's Response") and AAI submitting a Reply on October 27, 2015 ("AAI's Reply"). For the reasons explained below, it is the recommendation of the Special Master that AAI's Motion be **GRANTED IN PART** and **DENIED IN PART**.

## I.     FINDINGS OF FACT

1.     On November 20, 2014, the Parties participated in a hearing before Judge Proctor.  At that time, Judge Proctor established the format to be used in connection with depositions involving both individual and corporate components, stating, in relevant part, "[W]e're going to have seven hours of 30(b)(6) and seven hours of individual, and those will be done on separate days.  So there's no question as to which answers may be binding upon the corporation . . . I'm just setting a very clean, achievable standard: seven hours individual, seven hours corporate." November 20, 2014 Hearing Transcript at p. 71, ll. 12-17 & p. 72, ll. 19-21.

2.     On September 16, 2015, AAI noticed the deposition of Kyle Smith ("Smith") for September 29 and 30, 2015.  AAI's Motion, Ex. A.  The notice of deposition explicitly stated that Smith, a Boeing employee, would be deposed both "as a fact witness and as a designated Rule 30(b)(6) witness for Defendants . . ."  AAI's Motion, Ex. A.

3.     As noticed, AAI began its deposition of Smith on September 29, 2015, questioning him in his individual capacity as a fact witness. AAI's Motion, Ex. B.  AAI's examination lasted seven (7) hours—*i.e.*, the full time presumptively allotted by Rule 30(d)(1) of the Federal Rules of Civil Procedure ("FRCP") and specifically provided for by Judge Proctor.  AAI's

Motion, Ex. B at pp. 340-41.  Following AAI's examination, Boeing made no attempt to either extend the session for purposes of cross examination or reserve time in the future for the same.  AAI's Motion, Ex. B at p. 341.

4.     The next day, September 30, 2015, AAI continued its deposition of Smith, this time questioning him as a Rule 30(b)(6) representative of Boeing. AAI's Motion, Ex. C at p. 25.  However, unlike the previous day, Boeing followed AAI's 30(b)(6) examination with its own line of questioning. AAI's Motion, Ex. C at pp. 231-59.

5.     AAI objected throughout Boeing's examination, initially doing so on the basis that Boeing's fact questions were improper, given that the individual portion of the deposition had been closed the previous day. AAI's Motion, Ex. C at pp. 230-31.   AAI later objected to Boeing's examination on the basis that Boeing refused to delineate whether it was questioning Smith in his individual or 30(b)(6) capacity, even though its questions had begun to touch on 30(b)(6) topics. AAI's Motion, Ex. C at pp. 252-53.

6.     In the course of its objections, AAI repeatedly moved to strike the testimony resulting from Boeing's examination (AAI's Motion, Ex. C at pp. 231, 232, 253 & 260), and likewise moved for a protective order excluding the testimony (AAI's Motion, Ex. C at 231).

7.     On October 6, 2015, AAI put its motion to strike in writing, submitting a "Motion to Strike Defendants' Improper Examination of Kyle Smith" ("AAI's Motion") to the Special Master.  AAI's Motion chiefly seeks to have Smith's Boeing testimony stricken, or, in the alternative, have Boeing's examination of Smith count as one of Boeing's fifteen (15) allotted depositions. AAI's Motion at pp. 15-16.   The Motion also requests re-affirmation that future depositions will be subject to the guidelines described by Judge Proctor at the November 20, 2014 hearing.  AAI's Motion at p. 16.

## II.   CONCLUSIONS OF LAW

### A.   Boeing's Examination of Smith Violated Judge Proctor's Deposition Guidelines

"It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)); FRCP 26(b).  In laying down specific deposition guidelines at the November 20, 2014 hearing, Judge Proctor exercised such discretion, obligating the parties for the remainder of discovery to keep separate the individual and corporate portions of dual

depositions.  However, a review of Smith's deposition transcript(s) reveals that Boeing failed to do so.

Indeed, Boeing's examination of Smith violated Judge Proctor's guidelines in two ways.  First, by declining to cross-examine Smith after his individual testimony, but then addressing <u>individual</u> topics after his <u>30(b)(6)</u> testimony, Boeing failed to honor the temporal barrier that Judge Proctor's guidelines intended to erect between individual and corporate testimony. The most proper course of action would have been for Boeing to request an extension of Smith's individual deposition on the 29th; granted, Boeing may have been hesitant to question Smith after what had already been a full day of questioning (Boeing's Response at p. 8), but, at the very least, Boeing could have requested that the individual deposition be continued into the morning and then conducted its cross-examination before the start of Smith's 30(b)(6) deposition.

Second, by refusing to designate whether Smith was being cross-examined in his individual or corporate capacity, Boeing effectively obfuscated the clarity that Judge Proctor's guidelines were designed to preserve.  Unlike Boeing's failure to follow the separate-day structure envisioned by Judge Proctor (which can arguably be attributed, at least in part, to external factors, *e.g.*, Smith's deposition on the 29th beginning later

than scheduled—and, thus, leaving less time in the day for a cross-examination—because of document delivery problems) (Boeing's Response at p. 8; AAI's Reply at p. 7), Boeing's refusal to delineate Smith's testimonial capacity can only be characterized as a clear choice to blatantly disregard Judge Proctor's orders.

### B.    AAI's Motion to Strike is Premature

Although there is little question that Boeing's examination of Smith violated Judge Proctor's guidelines, AAI's Motion to Strike the resulting testimony is premature, asking the Court to do too much, too soon.   In essence, AAI's Motion requests that Smith's Boeing testimony be prospectively barred from all future use; however, nothing in the Federal Rules contemplates such a motion or such relief.

Rule 30(d)(3), for instance, provides for a "Motion to Terminate or Limit," which allows a deponent or party to "move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FRCP 30(d)(3)(A).   If such a motion is justified, the presiding court may provide relief by (a) terminating the deposition, or (b) limiting the deposition in the manner of a Rule 26(c) protective order. FRCP 30(d)(3)(B).    Among other things, a Rule 26(c) protective order may

"specify[] terms, including time and place, for the disclosure or discovery" and "prescrib[e] a discovery method other than the one selected by the party seeking discovery." FRCP 26(c)(1)(B) & (C).  However, as suggested in subpart A of Rule 30(d)(3), a motion to terminate or limit must be submitted in written form, a condition which was not fulfilled by AAI.  FRCP 30(d)(3)(A) ("The Motion may be *filed* in the court where the action is pending or the deposition is being taken.") (emphasis added).[1]  Given the circumstances, AAI could have sought contemporaneous review of Boeing's examination by filing a motion to terminate or limit, but it chose not to do so.

Instead, AAI filed a Motion to Strike Smith's testimony, a procedural device that sounds in evidence, namely Rule 103(a)(1) of the Federal Rules of Evidence ("FRE").  FRE 103(a)(1) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and: (1) if the ruling admits evidence, a party, on the record: (A) timely objects or moves to strike; and (B) states the specific ground, unless it was apparent from the context").  The evidentiary nature of the motion to strike is problematic in the present situation, because

---

[1] As mentioned previously, AAI did move orally for a protective order during Boeing's examination of Smith (AAI's Motion, Ex. C at 231), but the gesture cannot reasonably be construed as a motion to terminate or limit.

Smith's Boeing testimony has not yet been proffered as evidence in any context.  As such, there is nothing that can be stricken from the record, rendering AAI's Motion impermissibly prophylactic. *See, e.g.*, *Randler v. Kountry Kraft Kitchens*, 2012 WL 6561510 at *15 (M.D. Pa. Dec. 17, 2012). AAI is welcome to renew its Motion if and when Smith's Boeing testimony is offered as evidence (*e.g.*, at summary judgment or trial),[2] but, until then, the Motion is premature. *Probatter Sports, LLC v. Joyner Technologies, Inc.*, 2006 WL 5278236 at * 1 (N.D. Iowa Oct. 11, 2006) ("The Motion [to Strike Expert Report and Exclude Testimony] is premature.  [Plaintiff] has not filed a motion for summary judgment.  If [Plaintiff] files such a motion, [Defendant] may file a new motion to strike immediately.  If [Plaintiff] does not file such a motion and the dispositive motions deadline passes, [Defendant] may file a motion to strike [the expert's] testimony from trial.").

### C.   Future Depositions Must Be Conducted in Accordance With Judge Proctor's Guidelines

This should go without saying, but, in light of the underlying events and the secondary relief requested by AAI's Motion, a remedial reminder seems appropriate: all future depositions must be conducted in accordance

---

[2] If Boeing does, in fact, intend to rely on Smith's testimony in support of its case-in-chief, it should seriously consider making alternative arrangements for capturing his answers, as Boeing's ability to use his current testimony is in jeopardy as a result of its violation of Judge Proctor's deposition guidelines.

with the guidelines articulated by Judge Proctor at the November 20, 2014 hearing.[3]  Although both the form and intent of Judge Proctor's guidelines are exceedingly clear, the Parties are encouraged to submit any future questions thereon to the Special Master for interpretive guidance.[4]

## III.   RECOMMENDATIONS

For the reasons outlined above, the undersigned makes the following recommendations to the Court:

- AAI's Motion to Strike should be **GRANTED IN PART** and **DENIED IN PART**, in accordance with the analysis above. Specifically, to the extent it seeks confirmation that Boeing's examination of Smith violated Judge Proctor's deposition guidelines and that those same guidelines are applicable to future depositions, the Motion is **GRANTED**.  To the extent that it seeks to strike Smith's Boeing testimony, the Motion is

---

[3]  The following point has been made previously (see Special Master's September 2, 2015 email to counsel), but bears repeating under the present circumstances: the party defending a deposition will always be afforded the opportunity to reasonably cross examine the deponent, even in those situations where the deposing party had made full use of the seven (7) hour maximum established by Judge Proctor.

[4]  The undersigned's willingness to resolve legitimate disputes regarding the application of Judge Proctor's deposition guidelines should not be interpreted by the Parties as an invitation to unreasonably delay the discovery process with the frivolous submission of *de minimis* questions and/or conflicts.

**DENIED**, with leave to refile the Motion at a later date, if necessary.

s/David J. Middlebrooks
David J. Middlebrooks ASB- 8553-D58D

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND
 & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

s/David J. Middlebrooks
OF COUNSEL

501289