IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM, AND PEMCO AIRCRAFT ENGINEERING SERVICES, INC._____Plaintiff,_____v._____THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. AND BOEING AEROSPACE SUPPORT CENTER,_____Defendant. | CIVIL ACTION NUMBER: 2:11-cv-03577-RDP |

## REPORT AND RECOMMENDATION

Before the Special Master is AAI's "Motion for Additional Time to Complete Cross-Examination of Glenn Hess" ("the Motion" or "AAI's Motion"), which was filed with the Special Master on November 23, 2015. The Motion has since been fully briefed, with Boeing submitting a Response on December 7, 2015 ("Boeing's Response") and AAI submitted a Reply on December 14, 2015 ("AAI's Reply"). For the reasons explained below, it is the recommendation of the Special Master that AAI's Motion be **GRANTED**.

**I.     FINDINGS OF FACT**

1. On October 26, 2015, Boeing issued a Notice of Deposition for Glenn Hess, which scheduled the deposition for 9:00AM on November 19, 2015. AAI's Motion, Ex. A ("Notice of Videotaped Deposition of Glenn Hess"). Now retired, Mr. Hess had previously served as the president of a Pemco subsidiary during the relevant underlying time period. AAI's Motion at 1; Boeing's Response at 2.

2. On November 11, 2015, AAI issued a Notice of Cross-Examination. AAI's Motion, Exhibit B ("Plaintiffs' Cross-Notice of Video Deposition of Glenn Hess").

3. On November 13, 2015, AAI notified Boeing by email that it anticipated needing two-and-a-half hours for its cross-examination of Mr. Hess. AAI's Motion, Exhibit C.

4. As scheduled, the deposition of Mr. Hess took place on November 19, 2015; however, it began nearly an hour late at 9:54AM, due to the delayed arrival of a videographer. AAI's Motion at 3; Boeing's Response at 2, n.1.

5. Boeing proceeded to depose Mr. Hess for approximately five-and-a-half hours, finishing at 4:35PM. AAI's Motion at 4; Boeing's Response at 2.

6. Because of a previously scheduled engagement, Mr. Hess had to leave the deposition by 5:30PM, giving AAI approximately fifty-five minutes to conduct its cross-examination. AAI's Motion at 3-4; Boeing's Response at 2.

7. Before beginning its cross-examination, AAI noted on the record that it intended to seek additional time to complete its cross-examination. AAI's Motion, Exhibit D at 289-290.  Boeing subsequently noted its opposition to AAI's plan. AAI's Motion, Exhibit D at 290.

8. AAI deposed Mr. Hess for approximately fifty-five minutes. AAI's Motion at 4; Boeing's Response at 2.

9. On November 23, 2015, AAI officially moved for additional time to complete its cross-examination of Mr. Hess, filing its Motion with the Special Master.  AAI's Motion seeks an additional one-and-a-half hours of deposition testimony from Mr. Hess, to be construed as an extension of AAI's cross-examination. AAI's Motion at 6; AAI's Reply at 1.  Boeing, in contrast, argues that any additional examination of Mr. Hess should be deemed an independent deposition and count towards AAI's fifteen-deposition allotment. Boeing's Response at 3.

## II. CONCLUSIONS OF LAW

For the reasons outlined below, it is the undersigned's legal conclusion that AAI should be permitted to depose Mr. Hess for the requested period of additional time and that such additional time should be construed as a continuation of AAI's cross-examination of Mr. Hess.

### A. Requested Amount of Additional Deposition Time Is Reasonable

In its Motion, AAI seeks an additional one-and-a-half hours to complete its cross-examination of Mr. Hess, a request which—in spite of the slight burden it may cause in requiring the deponent and counsel for both parties to reconvene in Tampa, Florida—is eminently reasonable for numerous reasons. AAI's Motion at 6; AAI's Reply at 1.

First, AAI's request is reasonable because it seeks to meet—not exceed—AAI's initial estimate of necessary deposition time (*i.e.*, two-and-a-half hours). AAI's Motion, Exhibit C. Indeed, in requesting only one-and-a-half hours of additional deposition time, it is clear that AAI is seeking to keep its additional examination time within the confines of its initial estimate (which it was not required to provide and by which it is not required to abide), a display of restraint that speaks to the reasonableness of the request.

Likewise, AAI's request is reasonable because it would only push the total deposition time to eight (8) hours (approximately five-and-a-half hours of direct examination by Boeing and two-and-a-half hours of cross-examination by AAI), exceeding by just one (1) hour the seven (7) hour limit presumed by the Federal Rules of Civil Procedure ("FRCP") and explicitly applied to this case by Judge Proctor. Rule 30(d)(1); November 20, 2014 Hearing Transcript at 71-72.  Granted, it appears to be the expectation of the Court that fact witnesses will only be subjected to a single day of questioning, but a discretionary departure from that standard seems warranted in this case, as forces outside of the parties' control (*i.e.*, the videographer's tardiness and the deponent's truncated availability) conspired to prevent the completion of the deposition in one day. AAI's Motion at 3; Boeing's Response at 2.

Finally, AAI's requested period of additional time is reasonable when viewed in concert with both the liberal nature of discovery under the Federal Rules and the undersigned's previous assurances that the parties' would be given sufficient opportunity for cross-examination. FRCP 26(b)(1); FRCP 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the

5

examination."); Doc. 169 at 9, n.3 ("[T]he party defending a deposition will always be afforded the opportunity to reasonably cross examine the deponent, even in those situations where the deposing party had made full use of the seven (7) hour maximum established by Judge Proctor.").

### B.   Additional Deposition Time Is An Extension of AAI's Cross-Examination

Given the aforementioned reasons, it seems clear that AAI's request for additional deposition time is reasonable and should be granted; however, the question remains whether such time should be construed as an independent deposition (as argued by Boeing) or considered an extension of AAI's prior cross-examination (as argued by AAI). Boeing's Response at 1 ("AAI has already cross-examined Mr. Hess on the topics of Boeing's examination, and AAI's motion makes clear that it now wants to move beyond mere cross-examination of Mr. Hess.  For that reason, AAI's deposition of Mr. Hess should count against AAI's fifteen-deposition limit."); AAI's Reply at 6 ("AAI's cross-examination is not required to be limited only to the subjects covered in Boeing's initial examination, and thus AAI's full and reasonable cross-examination – on any discoverable topic in this case – does not constitute a new and independent deposition taken by AAI.").

Although the Federal Rules note that "[t]he examination and cross-examination of a deponent [shall] proceed *as they would at trial*," FRCP

6

30(c)(1) (emphasis added), the language of the Rules is slightly misleading; indeed, it is well-established that the scope of cross-examination at deposition "is not limited to the issues raised in direct examination," as it would be in a trial setting. *See, e.g.*, *F.C.C. v. Mizuho Medy Co. Ltd.*, 257 F.R.D. 679, 682 (S.D. Cal. 2009); *cf.*, Rule 611(b) of the Federal Rules of Evidence ("Cross-examination should not go beyond the subject matter of the direct examination . . ."). As such, the crux of Boeing's argument against construing AAI's additional examination of Mr. Hess as an extension of AAI's cross-examination is without force, and the undersigned concludes that AAI should not be required to use one of its fifteen (15) allotted depositions in connection with its continued questioning of Mr. Hess.

However, in order to alleviate any lingering concerns harbored by Boeing about the scope of AAI's cross-examination, the undersigned recommends that Boeing be allowed one (1) hour of additional examination, so as to provide it with an opportunity to address any topics that may arise for the first time in the course of AAI's cross-examination.

### III. RECOMMENDATIONS

For the reasons outlined above, the undersigned makes the following recommendations to the Court:

7

- AAI's Motion should be **GRANTED**.  AAI should be permitted to continue its cross-examination of Mr. Hess for one-and-a-half hours, and, if necessary, Boeing may follow with up to one hour of re-direct examination.

                                              Respectfully Submitted,

                                              s/David J. Middlebrooks
                                              David J. Middlebrooks ASB- 8553-D58D

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND
 & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

## CERTIFICATE OF SERVICE

     I hereby certify that on December 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                                              s/David J. Middlebrooks
                                              OF COUNSEL

504412