IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM, AND PEMCO AIRCRAFT ENGINEERING SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. AND BOEING AEROSPACE SUPPORT CENTER,<br><br>Defendant. | CIVIL ACTION NUMBER:<br>2:11-cv-03577-RDP |

## REPORT AND RECOMMENDATION

Before the Special Master is Boeing's "Motion to Compel Testimony on Topics 5, 20, and 32 of Boeing's Rule 30(b)(6) Deposition Notice" ("the Motion" or "Boeing's Motion"), which was filed with the Special Master on October 9, 2015. The Motion has since been fully briefed, with AAI submitting a Response on October 23, 2015 ("AAI's Response") and Boeing filing a Reply ("Boeing's Reply") on October 30, 2015. For the reasons explained below, it is the recommendation of the Special Master that Boeing's Motion be **GRANTED**.

## I. FINDINGS OF FACT

1. Boeing served AAI with a Rule 30(b)(6) deposition notice ("the Notice") on March 9, 2015. Boeing's Motion, Ex. 1 ("Notice of Deposition").

2. The Notice identified forty-seven (47) topics to be addressed at deposition, including the three (3) that are the subject of Boeing's Motion, Topics 5, 20, and 32. Boeing's Motion, Ex. 1. The disputed Topics read as follows:

> 5. The specific proprietary materials and information contained within each category identified in plaintiff's List of Proprietary Information (Dkt. # 98). This Topic includes what specific materials and information within each category Pemco/AAI considered to be proprietary; why Pemco/AAI considered those materials proprietary; how Pemco/AAI identified, designated, and protected those materials; how Pemco/AAI used those materials in its work on the KC-135 PDM program and its bids for the Recompete contract; who had access to those materials; and any advantage or other benefit the materials provided Pemco/AAI over competitors who did not possess the materials.
>
> . . .
>
> 20. Each specific component of Boeing's independent Recompete bid proposals that allegedly contains or otherwise reflects misappropriated Pemco/AAI proprietary

2

>    information, and the relevant volume and page numbers within those proposals that allegedly contain or otherwise reflect the allegedly misappropriated Pemco/AAI proprietary information.
>
>    . . .
>
> 32. The unpaid creditor claims that Pemco/AAI allegedly suffered due to Pemco/AAI's loss of the Recompete contract, including the creditor claims asserted in Pemco/AAI's bankruptcy proceedings, whether and the extent to which those creditor claims were discharged in bankruptcy, and all substantiating documents.

Boeing's Motion, Ex. 1 at 3, 5, & 6.

3. Topics 5 and 20 touch on much the same information, addressing different sides of the same "proprietary information" coin. Indeed, per Boeing's characterization, "[w]hereas Topic 20 asks AAI to ***identify where its proprietary information is contained or reflected in Boeing's independent bid documents***, Topic 5 asks what ***makes this information proprietary in the first place***." Boeing's Motion at 14. Topic 32, meanwhile, seeks information regarding a component of AAI's alleged damages, namely, its "unpaid creditor claims." Boeing's Motion at 15.

4. Since the Notice was issued in March 2015, the parties have—with varying degrees of commitment and success—attempted to reach an agreement as to the proper scope and methodology for Topics 5, 20, and

32. Boeing's Motion at 1. Negotiations intensified during July and August of 2015, with the parties exchanging numerous proposals and haggling over the same. Boeing's Motion, Exs. 6, 7, 8, 9, 11, 12, 14, 15, 16, & 17.

5. As to Topic 5, AAI proposed the following language in a letter dated July 6, 2015 ("the July 6 Proposal"):

> Plaintiffs will provide Boeing with a list of the Bates Numbers in the Plaintiffs' production and/or Boeing's production that Plaintiff may use at trial as instances or evidence of Plaintiffs' provision and/or Boeing's receipt of AAI's propriety information ("PI"), to support their claims with regard to proprietary information. Plaintiffs also agree to designate, after the lists have been supplied, and after Boeing provides Plaintiffs with a list of such bates numbered documents which Boeing wishes to cover in testimony, one or more witnesses who can testify regarding: (1) what specific documents Pemco/AAI considered to be proprietary or contain or reflect proprietary information, as well as the specific information Pemco/AAI considered to be proprietary within any document so identified; (2) why Pemco/AAI considered that information to be proprietary; (3) how Pemco/AAI used that information in its work on the KC-135 PDM program and/or its bids for the Recompete contract; (4) AAI's view of any advantage or other benefit the information could have provided to Pemco/AAI competitors who did not possess the materials; and (5) Pemco/AAI's protection of such materials, including any identification or designations thereof.

Boeing's Motion, Ex. 6 at 1. However, by letter dated July 13, 2015, AAI apparently withdrew its July 6 Proposal, seeking instead to link Boeing's

4

Topic 5 to its own Topics 30-32 in an attempt to create a package deal. Boeing's Motion, Ex. 12.  Boeing sought to accept AAI's July 6 Proposal by letter dated July 21, 2015, and reiterated its willingness to accept the July 6 Proposal—if still available—in a letter dated July 22, 2015.  Boeing's Motion, Ex. 7 at 1 ("Boeing accepts plaintiff's counter-proposal for Topics 5 and 36 as articulated in your July 6 letter."); Boeing's Motion, Ex. 14 at 3 ("Boeing accepted this version of Topic 5 on July 21, but your email today stated that your July 13 letter was intended to withdraw your July 6 proposal.  We are willing to proceed on Topic 5 as plaintiff proposed on July 6.  Please confirm that you will stand by your July 6 proposal."). Although AAI purported to "stand by its [July 6] proposal on Boeing's Topic 5" in an email dated July 29, 2015 (Boeing's Motion, Ex. 15) and Boeing confirmed the parties' agreement on Topic 5 in a letter dated August 5, 2015 (Boeing Motion, Ex. 16 at 2), AAI proposed additional Topic 5 language in a letter dated August 7, 2015 (Boeing's Motion, Ex. 17 at 2) ("Plaintiffs will provide . . . to support their claims with regard to proprietary information**, other than Boeing documents which Plaintiffs contend either reflect or demonstrate Boeing's knowledge or use of Pemco/AAI's PI (which, instead, is the subject of Boeing's Topic 20).**"),

5

leading the parties to conclude that they had reached an impasse regarding Topic 5.

6. As to Topic 20, AAI proposed the following language in the aforementioned July 6, 2015 letter:

> Plaintiffs will, in accordance with the Court's scheduling order, designate an expert witness to testify regarding each specific component of Boeing's independent Recompete bid proposals and related pricing models and discussion, that contains or is based on, or is reflective of knowledge of, Pemco/AAI proprietary information. In addition, again following Boeing's complete production of not only its bid documents but also its related and underlying internal pricing documents (e.g., emails, memos, PPTs, spreadsheets), and related testimony under Rule 30(b)(6) on AAI's Topics 21, 22 and 41 to Boeing, which are viewed as essential for pinning down Boeing's bid submissions, Plaintiffs will designate a corporate representative who will identify each specific component of Boeing's independent Recompete bid proposals that is, in Plaintiffs' view, believed to contain, or be based on, or be reflective of knowledge of, Pemco/AAI proprietary information, once an opportunity has been provided for a detailed review of Boeing's authenticated bid documents and underlying pricing models for each phase of the bidding.

Boeing's Motion, Ex. 6 at 2. Responding in a letter dated July 21, 2015, Boeing rejected the condition that AAI's Topics 21, 22, and 41 be addressed first, and also suggested some slightly amended language:

6

> Plaintiffs will designate a corporate representative who will identify each specific component of Boeing's independent Recompete bid proposals that is, in Plaintiffs' view, believed to contain, or be based on, or be reflective of knowledge of, Pemco/AAI proprietary information, and the corresponding volume and page numbers within those proposals that Plaintiffs believe to contain, or be based on, or be reflective of knowledge of, the alleged Pemco/AAI proprietary information.

Boeing's Motion, Ex. 7 at 2. However, not only did AAI refuse to budge from the language and conditions of its July 6 proposal, but, by letter dated August 6, 2015, it also requested that Boeing allow AAI's corporate representative to interview twenty-four (24) present or former Boeing employees regarding the subject matter of Topic 20, in preparation for examination on the Topic by Boeing. Boeing's Motion, Ex. 8 at 3 ("AAI requests that, at times convenient to Boeing and the following persons and at Boeing-designated locations, Boeing make the following present and former Boeing employees available to AAI's designee for Topic 20 to interview them on what they know, what they did, and what documents they are aware of, relative to Boeing's Topic 20."). Shortly thereafter, the parties declared an impasse as to Topic 20. Boeing's Motion, Ex. 9.

    7.    As for Topic 32, AAI wholeheartedly objected to the subject matter in its Responses to Boeing's Notice (Boeing's Motion, Ex. 2), and

the parties did not subsequently engage in any meaningful negotiation as to the Topic, thus leaving them at impasse (Boeing's Motion, Ex. 9).

8. Having reached impasses as to Topics 5, 20, and 32, Boeing filed its Motion with the Special Master on October 9, 2015, AAI submitted its Response on October 23, 2015, and AAI filed its Reply on October 30, 2015.

## II. CONCLUSIONS OF LAW

For the reasons outlined below, it is the undersigned's legal conclusion that AAI should be compelled to provide corporate testimony on Topics 5, 20, and 32 in accordance with the language proposed (Topic 20) and accepted (Topic 5) in Boeing's letter of July 21, 2015 (Boeing's Motion, Ex. 7) and the language originally laid out (Topic 32) in Boeing's Notice (Boeing's Motion, Ex. 1).

### A. Topic 5

The parties' inability to reach a lasting agreement as to Topic 5 is a perfect example of an unnecessary discovery dispute. To recap, AAI submitted a Topic 5 proposal to Boeing on July 6, 2015 that utilized an accepted methodology (*i.e.*, the exchange of document lists) and was almost identical in scope to that proposed in Boeing's Notice. Subsequently, Boeing accepted the proposal (provided that the proposal

was still valid), AAI confirmed the continuing validity of the proposal, and Boeing confirmed AAI's confirmation. However, not content to let a non-existent discovery dispute rest, AAI subsequently proposed the inclusion of additional Topic 5 language, bringing us to this current state of contention.

AAI argues that the additional language (*supra* at 5-6) is necessary to clarify the differences between Topics 5 and 20 (AAI's Response at 2-3), given the possibility for overlap in the Topics' subject matter. However, AAI's argument falls flat for a number of reasons. First, the additional language simply reiterates what is already revealed by a close reading of the two Topics and what has already been acknowledged by both parties: "The parties agree on the dichotomy between Boeing's 30(b)(6) Topics 5 and 20—Topic 5 seeks to have AAI identify its PI in its production and in Boeing's production and to provide testimony on how that information constitutes PI, and Topic 20 seeks to have AAI identify in Boeing's bid submissions and supporting documents where AAI's PI is listed or where AAI believes Boeing's knowledge of that PI is 'reflected.'" AAI's Response at 2. Second, even if the Topics could be construed as overlapping, the practical import of such overlap would be limited; indeed, AAI controls the actual scope of the Topic (as its initial list will dictate what documents are addressed under the umbrella of Topic 5), and its use of the same

corporate representative for Topics 5 and 20[1] obviates any concern that it will have to prepare multiple representatives for the same subject matter. Because the additional language is unnecessary, the undersigned concludes that AAI should be compelled to provide Topic 5 testimony in accordance with the proposal agreed upon by the parties, *i.e.*, AAI's July 6 Proposal.

### B.   Topic 20

The parties' dispute as to Topic 20 primarily centers on the extent and specificity of the testimony sought, with AAI arguing (a) that the Topic seeks information that goes beyond what it is prepared to rely on in making its "proprietary information" claims (AAI's Response at 5),[2] and (b) that it is incapable of providing "full and complete testimony" as to the specific information sought by Boeing (AAI's Response at 4).[3]  Neither argument

---

[1] AAI notified the Special Master of this reality at the parties' January 28, 2016 status conference.

[2] "While there may be some instances where AAI's corporate witness can point to individual pieces of Pemco PI that were included in Boeing's bid or portions of Boeing's bid that were obviously drafted as a result of its misuse of AAI's PI, *the main thrust of AAI's theory as to PI* is that, as a result of their prior teaming agreement, Boeing had knowledge [of] Pemco's PI, and with that knowledge, Boeing crafted a bid that it knew would underbid or otherwise be a 'better' bid than Pemco's." AAI's Response at 5 (emphasis added).

[3] "Boeing's Topic 20 seeks, at least in part, internal Boeing information that AAI does not and cannot know (and thus cannot prepare a witness to testify about) . . ." AAI's Response at 4.

convinces the undersigned that Boeing's most recent proposal (*supra* at 7) is inappropriate.

AAI is correct in noting that "one can prove wrongful conduct in a competition by demonstrating the defendant held knowledge of the competitor's costs or pricing methodology sufficient for the defendant to adjust its own bid to undercut the opponent's price" (AAI's Response at 9); however, regardless of whether AAI chooses to prove its proprietary information claims through use of a generalized theory (like the one quoted above) or through reference to specific instances in Boeing's Recompete bid proposals that demonstrate the use of AAI's proprietary information, Boeing is entitled to gauge AAI's ability to pursue the latter theory by asking it to identify the "specific component[s]" of the Boeing bid proposals, as well as the "corresponding volume and page numbers," that evidence the use of AAI's proprietary information.  Indeed, Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ," and there is little question that Topic 20—as most recently framed by Boeing—is directly relevant to the claims advanced by AAI in Counts Three and Four of its Third Amended Complaint (Doc. 97). FRCP 26(b)(1).

Furthermore, any suggestion by AAI that it cannot fully provide the testimony requested by Topic 20 presupposes a standard of responsiveness that differs from that contemplated by Rule 30(b)(6), which only requires corporate representatives to "testify about information *known or reasonably available* to the organization." FRCP 30(b)(6) (emphasis added).  Where the use of proprietary information in Boeing's Recompete bid proposals is identifiable, AAI's corporate representative should be prepared to testify to such, doing so with as much specificity (including volume and page numbers) as possible.  However, all involved are aware that the use of proprietary information does not always manifest itself in tangible ways, and, as such, AAI is not expected to fill the gap in particularity that may understandably exist.

In light of the fact that Boeing's July 21 Proposal is permissible under Rule 26(b)(1), the undersigned concludes that AAI should be compelled to provide corporate testimony in accordance with the same, provided that its obligations only extend to the bounds of Rule 30(b)(6).

**C.    Topic 32**

As noted above, the parties have engaged in virtually no negotiations as to Topic 32, evidently because AAI has taken the position that "the most expedient way to respond to Topic 32 is by referring to the relevant

12

bankruptcy pleadings that are not only a matter of public record but also should already be in the possession of Boeing (or its attorneys) because of its substantial involvement in AAI's bankruptcy." AAI's Response at 12. However, despite AAI's protestations otherwise, Boeing is entitled to live corporate testimony regarding Topic 32.

Indeed, it is well established that, "[in] responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) (citing *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008)); *see also In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 & 174 (D.D.C. 2003). As such, it is the undersigned's legal conclusion that AAI should be compelled to designate a corporate representative to testify as to Topic 32, and that such testimony should be based on the Topic 32 subject matter identified in Boeing's Notice (*supra* at 3).

### III.    RECOMMENDATIONS

For the reasons outlined above, the undersigned makes the following recommendation to the Court:

- Boeing's Motion should be **GRANTED**. AAI should be compelled to provide corporate testimony in the manner proposed in Boeing's Notice (Topic 32) and July 21, 2015 letter (Topics 5 and 20).

Respectfully Submitted,

s/David J. Middlebrooks
David J. Middlebrooks ASB- 8553-D58D

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND
 & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

s/David J. Middlebrooks
OF COUNSEL

509318