FILED
2016 Aug-05  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM, AND PEMCO AIRCRAFT ENGINEERING SERVICES, INC.**<br><br>            Plaintiff,<br><br>v.<br><br>**THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. AND BOEING AEROSPACE SUPPORT CENTER,**<br><br>            Defendant. | **CIVIL ACTION NUMBER:**<br>**2:11-cv-03577-RDP** |

## REPORT AND RECOMMENDATION

Before the Special Master is Boeing's "Motion to Compel AAI's Responses to Boeing's Interrogatory No. 1 and Requests for Admission Nos. 6, 14, 15, 16, and 20" ("the Motion" or "Boeing's Motion"), which was filed with the Special Master on May 6, 2016.[1] The Motion has since been fully briefed, with AAI submitting a Response on May 24, 2016 ("AAI's

---

[1] In the interests of clarity and brevity, this Report and Recommendation will use "AAI" in collective reference to Plaintiffs and "Boeing" in collective reference to Defendants.

Response") and Boeing filing a Reply on June 3, 2016 ("Boeing's Reply"). For the reasons explained below, it is the recommendation of the Special Master that Boeing's Motion be **GRANTED IN PART** and **DENIED IN PART**.

I. FINDINGS OF FACT

    A. Interrogatory #1

    1. Count III of AAI's Third Amended Complaint (Doc. 97 at 72-84) asserts a claim for breach of contract against Boeing, alleging that "[Boeing] misappropriated and/or otherwise misused [AAI]'s Propriety Information in breach of [Boeing]'s obligations under the Propriety Information Protection Contracts to preserve the secrecy of and not to use Pemco Propriety Information" (Doc. 97 at ¶ 174).

    2. The allegations associated with Count III have been the subject of extensive discovery: in particular, Boeing has sought to identify the propriety information ("PI") that AAI alleges it misused by issuing numerous interrogatories on the subject, beginning with Interrogatories 1 and 2 from its June 17, 2013 Interrogatory Set ("Boeing's First Interrogatories"). (Boeing's Motion, Ex. 1 at 7).

    3. Interrogatory 1 of Boeing's First Interrogatories asked AAI to "[i]dentify and describe all of [its] Propriety Information, trade secrets, or

other proprietary, confidential, or otherwise protected information that [it] contend[s] Boeing improperly used, misappropriated, disclosed, or otherwise failed to safeguard and keep confidential," while Interrogatory 2 of Boeing's First Interrogatories asked AAI to "identify and described how such information was disclosed to Boeing." (Boeing's Motion, Ex. 1 at 7).

4. AAI initially responded to Boeing's First Interrogatories on August 22, 2013 (Boeing's Motion, Ex. 2), and then supplemented its responses on January 24, 2014 (Boeing's Motion, Ex. 3), March 31, 2014 (Boeing's Motion, Ex. 4), and August 24, 2015 (Boeing's Motion, Ex. 5). As part of its August 24, 2015 supplemental interrogatory responses (and in specific reference to Interrogatory 2 of Boeing's First Interrogatories), AAI submitted two lists of responsive documents—Exhibits 2A (Boeing documents) and 2B (AAI documents)—which, in combination, included nearly five thousand (5,000) document entries. (Boeing's Motion, Exs. 6 & 7). Explaining its submission of Exhibits 2A and 2B, AAI wrote, "[T]he purpose of this listing is to provide Boeing with identification of documents which [AAI] *may* use on one or more of the several topics covered by Boeing's interrogatories 1 and 2 . . ." (Boeing's Motion, Ex. 5 at 17).

5. Drilling down on the documents identified by AAI, Boeing directed Interrogatory 1 of its January 29, 2016 Interrogatory Set

("Interrogatory #1") toward Exhibits 2A and 2B, asking, "For each document identified in Exhibits 2A and 2B to Plaintiffs' Third Supplemental Response to Interrogatory No. 2, dated August 24, 2015, *identify what specific information contained in each document Plaintiff contends is proprietary to AAI/Pemco.*" (Boeing's Motion, Ex. 8) (emphasis added).  AAI responded on March 3, 2016 by identifying additional documents—Appendices A (Boeing documents) and B (AAI documents) (Boeing's Motion, Exs. 10 & 11)—and asserting that the information sought by Boeing in Interrogatory #1 could be derived from Appendices A and B, when examined using the PI category lists that AAI previously disclosed to Boeing on September 24, 2014 and December 9, 2014. (Boeing's Motion, Ex. 9 at 5-6).

6. Indeed, AAI invoked Rule 33(d) of the Federal Rules of Civil Procedure ("FRCP"), which permits a party to produce business records in lieu of a traditional interrogatory response if (1) "the answer to an interrogatory may be determined by examining . . . [the] party's business records," and (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party." (Boeing's Motion, Ex. 9 at 6—"[T]herefore, AAI relies upon Rule 33(d) and offers [Appendices A and B] and AAI's above-cited earlier discovery responses, in response to this Interrogatory 1."). AAI subsequently supplemented its response to

4

Interrogatory #1 on April 5, 2016 (Boeing's Motion, Ex. 12), providing Boeing with more particularized document lists—Appendices A-1, A-2, A-3, A-4, and B (Boeing's Motion, Exs. 13-17)—the contents of which were categorized according the *type* of PI that AAI alleges they contain. AAI provided further supplementation of its Interrogatory #1 response on April 22, 2016, setting forth extensive arguments to justify its use of FRCP 33(d). (Boeing's Motion, Ex. 20).

  7. Unsatisfied with the specificity of AAI's Interrogatory #1 responses, Boeing filed the underlying Motion on May 6, 2016, moving to "compel AAI to supplement its response to Interrogatory No. 1 so that Boeing can adequately prepare its defense in this case." (Boeing's Motion at 2). Starting with the premise that "Boeing cannot prepare to defend against AAI's allegations if Boeing does not know what information AAI will contend is proprietary," the Motion chiefly argues that Boeing is incapable of independently identifying PI in the produced documents with an acceptable level of specificity, rendering AAI's use of FRCP 33(d) inappropriate. (Boeing's Motion at 7—"This is not a matter of Rule 33(d), because it is about what information **AAI alleges** Boeing misused and as such is squarely and solely within AAI's possession. The content of AAI's allegations is uniquely in the mind of AAI, and it is time for AAI to commit

5

itself to its theory;" Boeing's Motion at 10—"[I]t is *only* within AAI's capability to identify this information.  Boeing cannot.  Whether AAI contends that a particular piece of information in a particular document is proprietary is known only to AAI and is determined by numerous facts that are known only to AAI.").

8. AAI filed a Response to Boeing's Motion on May 24, 2016, arguing that it has "complied with its requirements under Rule 33, including Rule 33(d)" (AAI's Response at 8) and suggesting that Boeing's protestations are disingenuous, given the level of specificity that accompanied AAI's responses (AAI's Response at 4—"Boeing's protests that, after AAI has provided mountains of discovery in which data in *specifically-identified documents* has been listed by bates number and category of proprietary information (in the case of TBC documents also by narrative description), it cannot ascertain what is the PI data on which Plaintiffs' contentions are based, are protests purely made up, for tactical purposes of harassment and implementing a scorched-earth approach to litigation.").  On June 3, 2016, Boeing filed its Reply, confirming that it only seeks to compel supplemental responses as to Appendix A (*i.e.*, the Boeing documents) and emphasizing the heightened level of specificity that such responses should display. (Boeing's Reply at 1—"Boeing's Motion to

Compel, however, is not focused on AAI's documents. Instead, Boeing seeks an answer to a central issue in this case—what specific data in Boeing's documents does AAI contend is proprietary to AAI;" Boeing's Reply at 5—"AAI's response fails to address the heart of Boeing's Motion to Compel—the alleged AAI proprietary information ***in Boeing's pricing numbers*** . . . AAI must say with specificity what portions of particular Boeing documents contain AAI's allegedly proprietary information.").

9. Since the completion of briefing, AAI has twice supplemented its response to Interrogatory #1, incorporating the document lists created to facilitate testimony on Boeing's 30(b)(6) Topic 5 on June 23, 2016, as well as two expert reports on July 1, 2016.

## B. Disputed RFAs

10. On January 29, 2016, Boeing served AAI with its fourth set of Requests for Admissions ("the RFAs"); this was the same day that AAI was served with Boeing's Interrogatory #1, and, in fact, Interrogatory 2 from the same set of interrogatories concerned AAI's RFA answers, requesting, "To the extent that you deny, in whole or in part, any of Boeing's Fourth Requests for Admission, dated January 29, 2016, explain the basis for each such denial." (Boeing's Motion, Ex. 8).

7

11. AAI filed its initial RFA responses on March 3, 2016 (AAI's Response, Ex. H), its first supplemental responses on March 28, 2016 (AAI's Response, Ex. J), and its second supplemental responses on April 20, 2016 (AAI's Response, Ex. L).

12. Boeing's Motion addresses AAI's responses to RFAs 6, 7, 14, 15, 16, and 20 ("the Disputed RFAs"), asking the undersigned to "find that AAI's nonresponsive and argumentative answers to Requests for Admission Nos. 6, 14, 15, 16 and 20 are insufficient and either deem those Requests for Admission admitted or order AAI to serve amended responses." (Boeing's Motion at 2). In essence, Boeing's Motion argues that AAI has failed to plainly admit or deny the Disputed RFAs—as required by FRCP 36—but, instead, has used its responses to dodge or qualify the core subject matter of the Disputed RFAs. (Boeing's Motion at 1-2—"Rather than admit or deny the requests as required by Federal Rule of Civil Procedure 36, AAI's responses are stuffed with **pages** of argument about nonresponsive issues;" Boeing's Motion at 13—"AAI's Responses to RFAs 6, 7, 14, 15, 16, and 20 improperly ignore Boeing's requests, distort the questions, fill page after page with irrelevant argument, and are well outside the bounds of acceptable RFA responses.").

13. AAI's Response pushes back on the Motion's characterization of AAI's responses, asserting that AAI fully denied the Disputed RFAs and explained its denials in accordance with Boeing's interrogatory request. (AAI's Response at 11—"AAI denied Boeing's requests and gave reasons for its denials. Just because Boeing does not like AAI's denials, and its explanations of them, does not mean that Boeing by motion can force AAI into giving a different answer. Indeed, the explanations that AAI included with its denials were **requested by Boeing** in Boeing's Interrogatory 2. Besides the explanations that Boeing demanded, AAI has given the 'forthright, specific and unconditional' denials to these RFAs as required under Rule 36." (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003))). Boeing's Reply largely reiterates the arguments made by Boeing in the Motion. (Boeing's Motion at 5-7).

## II. CONCLUSIONS OF LAW

For the reasons outlined below, it is the undersigned's legal conclusion that AAI has satisfied its responsive obligations as to (a) Interrogatory #1, by producing annotated records in accordance with FRCP 33(d), and (b) the Disputed RFAs, by issuing specific denials in satisfaction of Rule 36(a)(4). However, to the extent that Pemco PI is not readily obvious from the face of the records contained in Appendix A (*e.g.*, where

9

the identified records are not preceded by a "Pemco" cover sheet or where the subject spreadsheet tabs are not labeled "Pemco") and/or from the descriptive PI details that accompany Appendix A, Boeing may request additional information from AAI, provided that it identifies the specific Bates numbers of the documents in question, represents in good faith that it is unable to discern the Pemco PI therein, and explains why the descriptive annotations provided by AAI are insufficient to assist it in the identification process.

### A.   Interrogatory #1

As noted above, FRCP 33(d) permits a party to produce business records in lieu of a traditional interrogatory response if (a) "the answer to an interrogatory may be determined by examining . . . [the] party's business records," and (b) "the burden of deriving or ascertaining the answer will be substantially the same for either party."  In order to properly utilize this responsive option, a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FRCP 33(d)(1). Here, AAI did just that, rightly determining that the circumstances surrounding Interrogatory #1 were ripe for the application of FRCP 33(d) and sufficiently satisfying its obligation under FRCP 33(d)(1) to prepare the

responsive records in such a manner that Boeing could identify the requested information therein.

The primary thrust of Boeing's Interrogatory #1 argument is that AAI has misutilized FRCP 33(d), because "the burden of deriving or ascertaining the answer" sought by Interrogatory #1 is not "substantially the same" for both parties, as Boeing is incapable of determining what information in the Appendix A document AAI considers to be PI. (*Supra* at ¶ 7). However, this argument unfairly discounts the specificity with which AAI has identified and contextualized the responsive documents; indeed, as noted in its Response (AAI's Response at 3-4) and as reflected in the Appendices themselves (Boeing's Motion, Exs. 13-16), AAI identified the Boeing documents by specific Bates numbers; "divided the TBC documents by topically-related PI categories" (AAI's Response at 3); and "then, for all such TBC documents, [it] listed 10 document elements, including a narrative 'Type of Data' field describing or identifying the content which AAI *contends* reflects Pemco PI" (AAI's Response at 4). When married with Boeing's own familiarity with its documents, the descriptive details provided by AAI should, in most instances, allow Boeing to identify the PI claim by AAI (and do so with a substantially similar burden as that that would be borne by AAI), rendering AAI's annotations sufficiently specific under FRCP

33(d)(1). As such, AAI has satisfied its responsive obligations under Rule 33, and Boeing's Motion is due to be denied in that regard.

### B. Disputed RFAs

Likewise, in regard to the Disputed RFAs, AAI has satisfied its responsive obligations under FRCP 36(a)(4), which states in relevant part, "If a matter is not admitted, the answer must *specifically deny* it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." (emphasis added). Indeed, AAI has unconditionally denied each of the Disputed RFAs (*supra* at ¶ 13) and that is exactly what the Rule requires: an up-down, yes-no response. The parties can (and, I'm sure, will) continue to quibble over whether the Disputed RFAs were unfairly framed by Boeing (AAI's Response at 10) or improperly manipulated by AAI (Boeing's Motion at 13-16), but the simple fact is that AAI has issued full denials of the same, choosing to be held to such answers for the remainder of this litigation. Accordingly, AAI has complied with FRCP 36(a)(4), and Boeing's Motion in that regard is due to be dismissed.

### C. Specific, Good-Faith Requests for Additional Information

However, Boeing's Motion is due to be granted to the extent that Boeing wishes to submit specific, good-faith requests to AAI for additional information regarding its Interrogatory #1 responses. A regimen of this nature was originally suggested by AAI (*see* Boeing's Motion, Ex. 20 at 17), and it adequately recognizes both Boeing's need for specific information and AAI's continuing obligation to reasonably supplement its interrogatory response. (Boeing's Motion, Ex. 20 at 17—"Again, the ball is in Boeing's court, not the Plaintiffs' court, to comply with Rule 33(d). If Boeing can still claim, in good faith with regard to specific documents out of those the Plaintiffs have identified by bates number, that it cannot (while in compliance with Rule 33(d)) read the information its interrogatory has sought from a specific document, then it is incumbent upon Boeing to identify to Plaintiffs by bates number and at least as much identification as Plaintiff's provided to Boeing (*e.g.*, Appendix A's columns), the specific documents of which it complains, and the reasons why Boeing claims a review by its counsel and personnel cannot learn the answer to its interrogatory from such documents, particularly in light of Plaintiffs' supplemental information provided here."). That being said, such requests should be employed sparingly, only being issued when Boeing can

13

productively articulate the disconnect between AAI's descriptive efforts and its own ability to identify the alleged PI.

## III. RECOMMENDATIONS

For the reasons outlined above, the undersigned makes the following recommendations to the Court:

- Boeing's Motion should be **DENIED** to the extent that it requests unprompted supplementation from AAI of its Interrogatory #1 responses;

- Boeing's Motion should be **DENIED** to the extent that it challenges the sufficiency of AAI's answers to the Disputed RFAs; and

- Boeing's Motion should be **GRANTED** to the extent that Boeing wishes to submit specific, good-faith requests to AAI for additional information regarding its Interrogatory #1 responses.

Respectfully Submitted,

s/ David J. Middlebrooks
David J. Middlebrooks ASB- 8553-D58D

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Counsel for Alabama Aircraft Industries, Inc., Alabama Aircraft Industries, Inc. – Birmingham, and Pemco Aircraft Engineering Services, Inc.

Counsel for The Boeing Company, Boeing Aerospace Operations, Inc. and Boeing Aerospace Support Center

                                            s/ David J. Middlebrooks
                                            OF COUNSEL

528486