# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. – BIRMINGHAM, AND PEMCO AIRCRAFT ENGINEERING SERVICES, INC.,** ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v.  ) ) | Case No. 2:11-cv-03577-RDP |
| **THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. AND BOEING AEROSPACE SUPPORT CENTER,** ) ) ) ) ) ) | |
| **Defendants.** ) | |
| **THE BOEING COMPANY,** ) ) | |
| **Plaintiff,** ) ) | |
| v.  ) ) | Case No.: 2:16-mc-01216-RDP |
| **TENENBAUM CAPITAL PARTNERS, LLC,** ) ) ) | |
| **Defendant.** ) | |

## ORDER

On December 2, 2016, the Special Master issued a Report and Recommendation (Case No. 2:11-cv-03577-RDP, Doc. # 301; Case No. 2:16-mc-01216-RDP, Doc. # 46) containing the recommendation that (4) related motions, namely, (1) Boeing's Motion to Compel the Production of Documents by Tennenbaum Capital Partners ("TCP"), (2) TCP's Motion to Quash Boeing's April 7, 2016 Subpoena, (3) TCP's Motion to Strike Portions of the Declaration of J.

Thomas Richie, and (4) AAI's Motion to Quash Boeing's April 7, 2016 Subpoena, be granted in part, denied in part, and deemed moot in part.

No interested party has objected to the Report and Recommendation. After careful consideration of the record in this case and the Special Master's Report and Recommendation, the court hereby **ADOPTS** the Report of the Special Master. The court further **ACCEPTS** the recommendations of the Special Master, with certain deadlines modified by agreement of the parties. It is therefore **ORDERED** as follows:

1. TCP's Motion to Strike is **MOOT**.

2. Boeing's Motion to Compel is **DENIED** to the extent that it seeks immediate production of the Disputed Documents; however, Boeing's Motion to Compel is **GRANTED** to the extent that Boeing is entitled to any Disputed Documents not protected by the attorney-client privilege and/or the work product doctrine. Likewise, TCP's Motion to Quash and AAI's Motion to Quash are **DENIED** to the extent that those Motions seek the wholesale rejection of Boeing's entitlement to the production of the Disputed Documents; however, TCP's Motion to Quash and AAI's Motion to Quash are **GRANTED** to the extent that the Motions seeks to establish that Boeing may be prevented from obtaining some or all of the Disputed Documents because such documents are potentially protected by the attorney-client privilege and/or the work product doctrine. In order to facilitate a final resolution of the parties' tug of war over the Disputed Documents, TCP/AAI is required to produce a supplemental privilege log **on or before January 13, 2017**, that details the application of the attorney-client privilege and/or the work product doctrine on a document-by-document basis; any assertion of the work

product doctrine, in particular, shall be accompanied by an identification of the specific litigation that was anticipated in creating the document at issue. If Boeing still wishes to challenge any of the renewed assertions, it may do so by filing specific, document-by-document challenges **on or before February 10, 2017**. For those challenges aimed at an assertion of the work product doctrine, Boeing should detail (1) why the work product doctrine is inapplicable, or (2) why Boeing has a substantial need for the documents at issue and why Boeing cannot obtain the information contained in the documents at issue by other means without undue hardship. After reviewing Boeing's challenges, the Special Master will conduct an in camera review of the Disputed Documents, if necessary.

**DONE** and **ORDERED** this January 13, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE