IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. – BIRMINGHAM, AND PEMCO AIRCRAFT ENGINEERING SERVICES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. AND BOEING AEROSPACE SUPPORT CENTER, <br><br>Defendants. | Case No. 2:11-cv-03577-RDP |

## ORDER

On September 6, 2016, the Special Master issued a Report and Recommendation (Doc. # 261) containing the recommendation that Boeing's Motion to Compel Documents in Response to Request for Production No. 31 should be granted in part and denied in part.

AAI filed a limited objection (which was related to evidence) to the Report and Recommendation. (Doc. # 284). In the Report and Recommendation, the Special Master found that the information requested in Request No. 31 was relevant because AAI had issued a virtually identical document request. That is, the Special Master found that "AAI's Request No. 8 was a declaration of relevance … ." (Doc. # 261 at 6).

The court agrees. Federal Rule of Civil Procedure 26(b), titled Discovery Scope and Limits, provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: *Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b) (emphasis added). Thus, under Rule 26, AAI was entitled to issue discovery designed to uncover relevant information. In furtherance of that effort, it issued a document request virtually identical to that to which it now objects. Under any view of this issue, by issuing such a reciprocal Request, AAI necessarily took the position that the information sought was relevant. Thus, by issuing its own request for that information, it essentially conceded that it believed the information was relevant.

The court notes that AAI's position is that "Documents showing what AAI or its counsel may have said to parties that Boeing subpoenaed about the subpoenas that Boeing issued in 2015 simply cannot be relevant to these claims (and Boeing's defenses thereto), which occurred, at the latest, in 2009." (Doc. # 284 at 10. But that argument misses the point. The court understands that the communications took place in 2015, and related to a subpoena that was issued in 2015. However, that does not mean that they did not also touch on and concern documents responsive to the underlying subpoenas from a relevant time period and/or facts which may have occurred during a relevant time period.

After careful consideration of the record in this case and the Special Master's Report and Recommendation and briefing on AAI's limited objection, the court hereby **ADOPTS** the Reports of the Special Master. The court further **ACCEPTS** the recommendations of the Special Master. It is therefore **ORDERED** that: To the extent that Boeing's Motion seeks immediate production of the Requested Documents, the Motion is **DENIED**. However, the Motion is

**GRANTED** to the extent that Boeing is entitled to any Requested Documents not covered by the work product doctrine. To that end, AAI **SHALL, on or before February 3, 2017**, produce a privilege log that details the application of the work product doctrine on a document-by-document basis. If Boeing wishes to challenge any of AAI's work product assertions, it may do so, filing challenges **on or before February 26, 2017**, that detail either (1) why the work product doctrine is inapplicable to the Requested Documents, or (2) why Boeing has substantial need for the Requested Documents and why Boeing cannot obtain the information contained in the Requested Documents by other means without undue hardship. After review of Boeing's challenges, the Special Master will conduct an in camera review of the Requested Documents, if necessary.

      **DONE** and **ORDERED** this January 13, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE