IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC., ALABAMA AIRCRAFT INDUSTRIES, INC. – BIRMINGHAM, and PEMCO AIRCRAFT ENGINEERING SERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> THE BOEING COMPANY, BOEING AEROSPACE OPERATIONS, INC. and BOEING AEROSPACE SUPPORT CENTER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:11-cv-03577-RDP |

**BOEING'S OPPOSITION TO AAI'S MOTION TO ALTER OR AMEND THE JUDGMENT TO ADD PREJUDGMENT INTEREST**

Craig S. Primis, P.C. (*pro hac vice*)
Erin C. Johnston (*pro hac vice*)
Kasdin M. Mitchell
Alexia R. Brancato (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, N.W.
Washington, DC  20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

R. Thomas Warburton
J. Thomas Richie
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

AAI's motion to add prejudgment interest is unfounded and should be denied. It spends pages chastising Boeing's conduct in this case, the entirety of which is both false and irrelevant to the motion. On the merits, there is no reason to award any prejudgment interest on the jury award beyond what the Court has already ordered. If the Court is inclined to reconsider this issue, any prejudgment interest calculation should not begin before July 25, 2019, when AAI first enumerated the bid cost damages it was seeking for Count I and Count III, and certainly not before June 22, 2012, the very first time AAI claimed it was entitled to bid cost damages at all. Additionally, AAI's request for prejudgment interest on the attorneys' fee award issued pursuant to Rule 37 is legally baseless. AAI does not, because it cannot, cite any case holding that prejudgment interest can be added to such an award. Rather, courts that have addressed this issue have consistently denied prejudgment interest on Rule 37 attorneys' fee awards, declaring it to be "inappropriate" and "illogical," and the Court should similarly deny such prejudgment interest here.

As an initial matter, AAI's wild accusations that Boeing caused delay in this case, Doc. 600 at 7-8, are facially irrelevant. Neither the Missouri statute governing prejudgment interest nor case law interpreting that statute involve any analysis of the history of the litigation. *See* Mo. Rev. Stat. § 408.020. And those accusations cannot withstand even passing scrutiny. As just one example, AAI critiques the Court's decision to allow Boeing to "fil[e] multiple motions to dismiss," *id*. at 7, but it ignores that the Court granted in part both motions. Docs. 32, 56. Rather, time and again, it is AAI whose "scorched earth" tactics have unnecessarily delayed the completion of this case. As just one recent example, AAI's repeated attempts to resurrect its dismissed claims in the pretrial order forced the Court to delay the start of the trial itself. *See* Doc. 486 (noting that "[a] pretrial order will not be entered" because the "fifty-page 'Plaintiff's Claims' section" "included matters that are extraneous to the two remaining breach of contract claims remaining in

1

this case"). Similar examples of AAI's wasteful conduct throughout this case abound, but ultimately AAI's mudslinging is yet another waste of time.

With respect to AAI's request to add prejudgment interest on the jury verdict, that request should be denied. The Court ruled on this issue when it required Boeing to post a bond covering prejudgment interest on the jury's verdict. Doc. 585 at 2. After the Court entered final judgment, Boeing moved to stay the execution of the judgment and posted a bond covering the full amount of the jury verdict. Doc. 575. In response, AAI stated that it "does not object" to Boeing's requested stay but insisted that Boeing post a larger bond to cover "interest" and other costs. Doc. 584 at 1-2. The Court granted Boeing's stay of execution of judgment, and, pursuant to AAI's request, instructed Boeing to post a bond in the amount of $2,438,000.00, representing "the judgment *plus interests*, costs, and damages for delay." Doc. 585 at 2 (emphasis added). Pursuant to the Court's order, Boeing posted the required bond. Doc. 590. Because the bond currently in place already covers prejudgment interest, AAI's motion should be denied.

In addition, AAI's damages claim was not "liquidated or…reasonably ascertainable" (Doc. 600 at 9-10) until long after AAI filed its first complaint on September 9, 2011. Mo. Rev. Stat. § 408.020. The jury awarded damages representing $788,510 in joint bid costs for Count I, and $1,343,528 in solo bid costs for Count III. *See* Doc. 574. Contrary to AAI's suggestion, the specific damages AAI sought for each of Count I and Count III were not readily ascertainable until July 25, 2019, when AAI specified for the very first time the amount of damages it was seeking for each count. *See* Doc. 504-1 at ¶¶ 75, 127. Prior to July 25, 2019, Boeing had no way of knowing the amount of damages AAI was seeking for each claim. Although AAI refers the Court to the bid cost information submitted during the protest litigation, Doc. 600 at 4-5, that information did not break down the joint bid costs sought for Count I and the solo bid costs sought for Count

2

III. *See* Docs. 600-2, 600-3; *Order*, 1:08-cv-00470-CFL, Doc. 147 at 13 (COFC Jan. 29, 2009) ("The court has examined the declarations and exhibits submitted by Alabama Aircraft to discern whether Alabama Aircraft's work on the joint proposal with Boeing can be segregated from work on its own proposal.  No principled basis for making such a separation appears to be available."). As AAI's own counsel admitted in September 2019, "the breakdown of the [] labor hours and costs as between the joint and solo bids…did not exist during discovery." Ex. 1 at 1.  Indeed, Boeing did not even know that AAI would seek only joint bid costs for Count I and solo bid costs for Count III until the time of trial—much less the amount of those purported bid costs for each claim—because AAI continued to pursue further categories of bid cost damages in the weeks leading up to trial.  *See* Doc. 506; Doc. 513; 1/21/20 Hearing Tr. at 11:22-16:3.  And AAI did not specify that it was seeking bid costs as damages at all in this lawsuit until June 22, 2012, in AAI's Second Amended Complaint.  Doc. 34 at ¶ 78.  AAI's previous complaint did not even mention bid costs, let alone the specific amount of bid costs it was seeking.  *See, e.g.*, Doc. 1-1 at 71, 77 (demanding only "compensatory damages and other damages" for breach of contract claims).  It is happenstance that AAI chose, at the last minute, to pursue in total at trial the combined estimated bid cost amount that had been disclosed in the protest litigation years earlier for a different reason, and that AAI happened to prevail on both counts and therefore receive a jury award of that same amount.  Such happenstance does not render the damages AAI ultimately sought readily ascertainable as of the unrelated protest litigation.

AAI's request for prejudgment interest on the Court's $374,932.20 fee award imposed under Rule 37 also should be denied.  Tellingly, AAI cites no case law that supports the idea that

3

prejudgment interest is available on Rule 37 fee awards, nor is Boeing aware of any.[1] Rather, district courts that have considered this question routinely deny requests like AAI's. *See, e.g.*, *Hoffman v. L&M Arts*, Civ. A. No. 3:10-CV-0953-D, 2015 WL 3999171, at *10 (N.D. Tex. July 1, 2015) (declining to award prejudgment interest on a Rule 37 sanction fee award and noting that "[t]he handful of decisions that the court has located indicate that such an award is not permitted"); *Remington Prods., Inc. v. North Am. Philips Corp.*, 763 F. Supp. 683, 686 (D. Conn. 1991) ("After considering these authorities, the Court concludes that its discretion does not include supplementing Rule 37 sanctions with prejudgment interest."). Courts have explained that "prejudgment interest on an award of attorney fees, imposed as a sanction [under Rule 37], is **inappropriate**," because it does not comport with the purpose of prejudgment interest. *Sun River Energy, Inc. v. Nelson*, Civ. A. No. 11-cv-00198-MSK-MEH, 2014 WL 11462791, at *2 (D. Colo. Oct. 10, 2014) (emphasis added). The purpose of prejudgment interest is to "fully compensate plaintiffs by accounting for the time-value of money" wrongly withheld. *Children Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 203 (Mo. Ct. App. 2006). In contrast, a fee award is simply money due for attorney fees, not a damages amount to which interest should be added "to compensate the prevailing party for the loss of use of monies owed." *See Babcock v. Gold*, Civ. No. 1990-30, 1990 WL 10656617, at *4-5 (D.V.I. Aug. 20, 1990) (declining to award prejudgment interest on attorneys' fees given the objectives of the prejudgment interest statute). Thus "applying [a] prejudgment interest statute to attorney fees is **illogical**." *Id.* (emphasis added) (citations omitted).

---

[1] Neither of the two cases AAI cites addresses prejudgment interest on an award of attorney fees under Rule 37. *See Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.*, 41 F.3d 1476, 1484 (11th Cir. 1995) (affirming district court's exercise of discretion under ERISA statutory provision that specifically authorizes prejudgment interest when an insurance claim is improperly denied); *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 21 (1st Cir. 2003) (affirming district court's inclusion of prejudgment interest back to the date of the property sale that violated the court's order as part of monetary sanction for contempt).

In short, neither law nor logic supports the award of prejudgment interest on AAI's sanctions fee award.

For these reasons, Boeing submits that there are no grounds for altering or amending this Court's judgment to include prejudgment interest.

Respectfully submitted this 8th day of May, 2020.

*/s/ R. Thomas Warburton*
One of the Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following recipients:

J. Michael Rediker
Meredith J. Lees
Peter J. Tepley
R. Scott Williams
Rebecca A. Beers
RUMBERGER, KIRK & CALDWELL, P.C.
Renasant Place, Suite 1300
2001 Park Place North
Birmingham, AL 35203

Joshua D. Lerner
RUMBERGER, KIRK & CALDWELL, P.C.
Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
(305) 995-5416

Laurie Webb Daniel
HOLLAND & KNIGHT LLP
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309

<i>/s/ R. Thomas Warburton</i><br>
R. Thomas Warburton