FILED

2026 Apr-27  PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **ALABAMA AIRCRAFT INDUSTRIES, INC., et al.,** | } | |
| | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | **Case No.:  2:11-cv-3577-ACA** |
| **v.** | } | |
| | } | |
| **THE BOEING COMPANY, et al.,** | } | |
| | } | |
| **Defendants.** | | |

## NOTICE TO THE PARTIES

On March 5, 2026, while this action was stayed, an unauthorized purchase of Boeing stock was made in the 401(k) account of the undersigned's husband. The undersigned and her husband received notice of the purchase on April 7, 2026. The stock was sold the next morning.

Although the ownership of this stock would ordinarily require recusal, Canon 3C(4)of the Code of Conduct for United States Judges states that a judge is not disqualified because of "a financial interest in a party" if the judge "divests the interest that provides the grounds for disqualification," unless the interest could be substantially affected by the outcome of the proceeding. Advisory Opinion No. 69 from the Judicial Conference's Committee on Codes of Conduct explains that a judge may divest the disqualifying interest under Canon3C(4) at

the beginning of the case, after the judge has spent substantial time on the case, or anytime in between.

The undersigned has concluded that the unauthorized purchase of Boeing stock and its subsequent sale could not be substantially affected by the outcome of this proceeding. Should any party believe these facts warrant recusal, the court **DIRECTS** that any motion to recuse be filed **on or before May 5, 2026**.

**DONE** and **ORDERED** this April 27, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

2